IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-219-FL

| ALVERT SMITH, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court on the parties' cross motions for judgment on the pleadings (DE ## 15, 20). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R"), wherein he recommended that the court grant plaintiff's motion, deny defendant's motion, and remand the matter for more specific findings of fact. Defendant filed a motion for clarification, to which the magistrate judge promptly replied in form of order clarifying the basis for the recommended remand. Thereafter, defendant filed objection to the M&R. Plaintiff did not file objection or response within the time permitted for so doing. In this posture, the issues raised are ripe for review. For the reasons that follow, defendant's objection is overruled and the findings and recommendations of the magistrate judge are adopted in full.

## STATEMENT OF THE CASE

Plaintiff filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") on September 21, 2005, alleging a disability onset date of June 23, 2005.

Her applications were denied initially and upon reconsideration. An initial hearing and a supplemental hearing were held before the Administrative Law Judge ("ALJ"), who determined that plaintiff was not disabled in a decision dated August 12, 2008. The Appeals Counsel denied plaintiff's request for review on April 7, 2010, thereby establishing the ALJ's determination as the final decision of the Commissioner.

On October 1, 2008, plaintiff filed a subsequent application for DIB. In a decision dated June 21, 2010, another ALJ determined that plaintiff had been disabled since August 16, 2008, but found no basis for reopening plaintiff's prior application.

On May 28, 2010, plaintiff filed complaint in this court seeking review of the final administrative decision. Defendant answered on July 28, 2010. Both parties thereafter moved for judgment on the pleadings.

## DISCUSSION

A. Standard of Review

The court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review the Commissioner's denial of benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate

2

a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B. Analysis

As set forth more particularly by the magistrate judge in his M&R, the ALJ determined that plaintiff was not under a disability at any time through August 12, 2008. As noted above, however, plaintiff filed a subsequent application on October 1, 2008, which resulted in a subsequent decision, dated June 21, 2010, in which it was determined that plaintiff was disabled as of August 16, 2008. The subsequent decision relied partially on information that was available prior to the August 12, 2008, decision. It is the determination of the first ALJ, wherein it was decided that plaintiff was not under a disability at any time through August 12, 2008, that has been raised for this court's review.

Plaintiff contends that her case should be remanded for further proceedings due to the award of disability benefits on the subsequent application, with a disability onset date only four days after the previous denial. Plaintiff asserts that "[t]his subsequent approval for disability insurance benefits should be found to be new and material evidence as defined by 42 U.S.C.A. § 405(g)."

3

On review, the magistrate judge looked to 42 U.S.C. § 405(g), which provides that remand is warranted "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding [.]" The magistrate judge noted that although the first ALJ determined plaintiff was not disabled at any time up through August 12, 2008, the subsequent decision determined that plaintiff was disabled as of August 16, 2008, and relied on some information that was available prior to the first decision. Due to the "close proximity to an earlier denial of benefits," and "in light of the possible inconsistency," the magistrate judge recommended that the first decision be vacated and remanded for the purpose of determining the precise onset of plaintiff's disability. Upon motion of defendant, the magistrate judge clarified that his recommendation was made pursuant to sentence six of 42 U.S.C. § 405(g).

Defendant objects to the magistrate judge's recommendation on the grounds that plaintiff has not met her burden of showing that belatedly submitted evidence is "new" and "material," and that she has "good cause" for failure to submit the evidence earlier. In light of defendant's objection, the court shall conduct a *de novo* determination of those portions of the M&R to which objection has been made. 28 U.S.C. § 636(b)(1)(C).

Pursuant to 42 U.S.C. § 405(g), remand is warranted "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins v. Secretary, Dep't of Health and Human Services, 953 F.2d 93, 96 (4th Cir. 1991). The new evidence must "relate to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Finally, the new evidence need not have existed during that period, but rather must be considered

if it has any bearing upon whether the claimant was disabled during the relevant period of time. See Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987).

Having conducted a *de novo* review of the matter, the court determines that defendant's argument is without merit, and that the magistrate judge's findings and recommendations should be adopted. The finding of disability commencing only four days after the denial of disability is new and material evidence, and, as aptly noted by the magistrate judge, calls into question whether all material evidence was considered in the former determination.[1] "Where a second social security application finds a disability commencing at or near the time a decision on a previous application found no such disability, the subsequent finding of a disability may constitute new and material evidence." Hayes v. Astrue, 488 F.Supp.2d 560, 561 (W.D.Va. 2007) (holding that subsequent determination of disability constituted new evidence justifying a remand of previous determination finding no disability). As has been noted by another district court, "an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome of the claim." Bradley v. Barnhart, 463 F.Supp.2d 577, 581 (S.D.W.Va. 2006); see also Reichard v. Barnhart, 285 F.Supp.2d 728, 734 (S.D.W.Va. 2003) (holding that an ALJ's decision finding disability commencing less than a week after he first pronounced that claimant was not disabled is new and material evidence). The second decision, which found plaintiff disabled as of four days after the first decision, constitutes new and material evidence that could change the outcome of the first decision. The court notes that the second decision was not issued until after the Appeals

---

[1] The court notes also that plaintiff's age classification did not change from the first to the second disability determination, therefore the finding of disability in the second disability determination cannot be said to be based on a different age category.

Council denied review of the first decision; thus, the new evidence has not previously been considered.

Accordingly, the court determines that remand is appropriate, pursuant to sentence six of 42 U.S.C. § 405(g), for factual determination regarding the onset date of plaintiff's disability.

## CONCLUSION

Having conducted a *de novo* review of those portions of the M&R to which specific objection was lodged, and upon considered review of the remainder of the M&R, the court for the foregoing reasons ADOPTS the findings and recommendations of the magistrate judge as its own (DE # 22). Accordingly, plaintiff's motion for judgment on the pleadings (DE # 15) is GRANTED, defendant's motion for judgment on the pleadings (DE # 20) is DENIED, and the matter is REMANDED to the ALJ to permit factual findings as to the onset date of plaintiff's disability.

SO ORDERED, this the 31st day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge